IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVONERE JOHNSON,

                            Plaintiff,                                    ORDER

        v.
                                                              22-cv-077-wmc

PLS GROUP,
PLS CASH CHECKER,
and LEONARD WILKERSON,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEVONERE JOHNSON,

                            Plaintiff,

        v.
                                                              22-cv-081-wmc

WILLY STREET CO-OP NORTH
and LEAH BUSSE,

                            Defendants.

---

        *Pro se* plaintiff Devonere Johnson brought these two lawsuits claiming that he was subject to racial discrimination at a PLS Cash Checkers (the '077 case) and at the Willy Street Co-op North (the '081 case) in Madison, Wisconsin.   Johnson has filed a letter in both cases asking the court to appoint counsel.   For the following reasons, the requests will be denied without prejudice.

        To begin, a *pro se* litigant does not have a right to counsel in a civil case.   *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).   A district court can help *pro se* litigants find a lawyer to represent them, *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007), but a party

1

who wants the court's help must meet certain requirements.  *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010).  First, he must show that he is unable to afford counsel and that he made reasonable efforts on his own to find a lawyer to represent him. Plaintiff is proceeding *in forma pauperis*, has submitted letters from two law firms each declining to represent him and asserts that he continues to search for representation, so he has satisfied these requirements.

Accordingly, the central question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt*, 503 F.3d at 655.  Plaintiff does not address this question in his letter with respect to either case, which is reason enough to deny his request.  Even so, the court is not convinced that plaintiff will be unable to complete the tasks at hand on his own.  Indeed, plaintiff's complaint in the '077 case has only just been screened and defendants have only just been served.  (Dkt. ##4, 7.) The court has yet to schedule a preliminary pretrial conference, and discovery has yet to begin.  Accordingly, there are no pending deadlines or litigation tasks that plaintiff needs to complete, and the court will therefore deny without prejudice plaintiff's request for counsel in the '077 case.  (Dkt. #9.)

However, plaintiff will not be without guidance on how to proceed.  Once the court schedules the matter for a telephonic preliminary pretrial conference with the magistrate judge, plaintiff need only read the notice of the conference he will receive from the court and write down any questions he might want to ask about court procedure

or his case.   During the conference, the magistrate judge will set the lawsuit for trial and provide an outline for how the lawsuit will proceed.   Shortly after the hearing, plaintiff will receive an order that documents this information.   Plaintiff should use that order, as well as the materials attached to that order providing additional guidance, as a guide going forward.   If plaintiff finds that he is no longer able to meet the demands of litigation as the '077 case progresses, he may renew his motion, specifying what litigation tasks he is unable to complete and why.

As for the '081 case involving the Co-op, the court dismissed plaintiff's complaint in a March 21, 2022, order for failure to state a claim upon which relief could be granted. (Dkt. #4.)   Although the court allowed plaintiff until April 11, 2022, to file an amended complaint, plaintiff instead filed a request for counsel on April 12.   (Dkt. #7). Because it appears from his request that plaintiff still wishes to continue litigating his '081 case, the court will give plaintiff one final opportunity to file a proposed amended complaint that cures the deficiencies noted in the March 21, 2022, order.   Plaintiff's failure to file a proposed amended complaint by the deadline indicated below will result in the court dismissing this action *with* prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).   Because it is not yet clear whether plaintiff will even be allowed to proceed in the '081 case, and because, having filed the initial pleading, the court has no reason to infer that plaintiff could not draft an amended pleading, his request for counsel in that case will also be denied without prejudice.

ORDER

IT IS ORDERED that:

1) Plaintiff's motions for assistance with the recruitment of counsel, dkt. #9 in case no. 22-cv-077-wmc and dkt. #7 case no. 22-cv-081-wmc, are DENIED without prejudice.

2) Plaintiff has until **May 5, 2022,** to file a proposed amended complaint in case no. 22-cv-081-wmc that cures the deficiencies detailed in the court's March 21, 2022, screening order.  If plaintiff fails to meet that deadline, the court will dismiss this case with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Entered this 21st day of April, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

4