IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVONERE JOHNSON,

                Plaintiff,                OPINION AND ORDER

v.

                                             22-cv-77-wmc

PLS GROUP, PLS CHECK CASHER,
and LEONARD WILKERSON,

                Defendants.

---

Pro se plaintiff Devonere Johnson alleges that defendants refused to cash his checks because of his race. This order addresses the parties' dueling discovery motions.[1] Defendants ask the court to order Johnson to cooperate with his discovery obligations and to pay defendants' fees and costs related to his refusal to cooperate so far, or to dismiss his complaint with prejudice as a sanction. Dkt. 19. In response, Johnson filed a motion to compel defendants to respond to his discovery requests, and also seeks two protective orders. Dkts. 35, 36. I will grant defendants' motion in part, deny Johnson's motions and direct that each side bear its own fees and costs.

To start, I will deny Johnson's motion to compel as moot. Dkt. 35. Johnson emailed discovery requests to defendants on January 16, 2023. Defendants had 30 days under the Federal Rules to respond, or until February 15, 2023. *See* Fed. R. Civ. P. 33, 34, 36. But Johnson filed his motion to compel on February 6.[2] Defendants have since timely responded to Johnson's discovery requests, so Johnson's motion was premature, now it is moot. Going

---

[1] Defendants timely filed a motion for summary judgment on March 6, 2023. Dkt. 37. As a result, I will modify the case schedule as indicated at the end of this order.

[2] Johnson filed his motions unsigned on February 6, 2023. Dkts. 26, 27. The court notified him in a letter that he needed to provide signed copies, which he did on February 16. Dkts. 35, 36.

forward, I remind Johnson that the court expects the parties to meet and confer about discovery disputes *before* they may seek court intervention. *See* dkt. 18 at 9.

I will grant in part defendants' motion for sanctions. Dkt. 19. As defendants note, Johnson objected to all of their fairly standard instructions, interrogatories, and production requests without providing much substantive information.[3] For example, Johnson objected to the use of the term "action" to describe this lawsuit as "overbroad and unduly burdensome." Dkt. 21-2 at 5. Other than a bank statement showing two deposits, a video, and two still images from the video that show checks, Johnson has produced no documents in support of his claims or his damages. Further, in response to each of defendant's interrogatories, including those that ask Johnson to identify the facts that support his claims, and those that as Johnson to describe his attempts to cash his checks at other places and the nature and extent of his damages, Johnson made the same generic objection, generally referring defendants back to their own business records. *Id.* at 16-20. This is improper: Johnson filed this lawsuit, and he is obliged to provide complete, substantive responses to these interrogatories, which are routine and completely proper.

So far, Johnson also refuses to produce a copy of the checks at the heart of this case, which he says he was able to cash at his bank after defendants refused to cash them. He claims that he can get copies of the cleared checks, but it would be burdensome to do so, that defendants have copies of the checks–which defendants deny--and he notes that he produced the video images purportedly showing the checks at PLS and a bank statement. I have no reason

---

[3] Johnson claims that the copy of his responses to defendants' discovery requests attached to defendants' motion to dismiss as Exhibit B is "not the true and accurate copy." Dkt. 34 at 1. Johnson does not explain why he thinks this is so, nor has he submitted an alternate copy that he thinks is more accurate. Therefore, I have considered Exhibit B as is.

to doubt Johnson's explanation of the images and statement, but it is not possible to make out any detail on the checks in those images, and those images do not establish that defendants kept copies of Johnson's checks that he cashed elsewhere. Nor does the bank statement indicate the source of the deposits.

Regardless of all this, Johnson has not explained why as the account holder, it would be "a lot of work" for him to produce an actual image or a copy of the checks. Dkt. 21-5 at 21. Johnson is free to make proper objections to defendant's discovery requests, and I will not tell him how he must respond, but I *am* ordering Johnson to amend his responses to defendants' discovery requests and to produce any and all supporting documents that he has not already produced within 21 days of this order. The court understands the challenges that pro se litigants face, but having filed this lawsuit, Johnson now is required to disclose to the defendants all the information he possesses or controls– such as bank information– that is relevant to his claims against them. If Johnson fails timely to do so, then defendants likely will be entitled to have the court dismiss those claims.

Next, defendants seek sanctions against Johnson because he ended his deposition. On January 17, 2023, Johnson sat for a video deposition that he adjourned after approximately two hours. Dkt. 21-5. Johnson asserts that he did so because defense counsel was asking irrelevant, harassing questions and "[t]o prevent speaking objections," presumably by him. Dkt. 34 at 1. Johnson also claims that defense counsel's questioning was argumentative, that counsel challenged his credibility, and that counsel sought privileged information and was not designed to elicit any new information about the case. Dkts. 34, 36 at 2. But Johnson does not point to any specific examples in the deposition transcript of what he means beyond noting that

3

defense counsel asked him about his checks. Defendants point out that Johnson objected to almost every question he was asked at his deposition, and that he provided incomplete and evasive responses at best.

I have reviewed the transcript of Johnson's deposition. Defendants are correct: Johnson objected frequently, and his responses were vague or incomplete at times. Almost immediately, Johnson objected to defense counsel's standard attempt to explain how depositions work as repetitious and therefore harassing questioning. Dkt. 21-5 at 4. Johnson also objected to stating his spouse's last name, repeating that her last name was "not the same as mine." *Id*. at 6. And when counsel tried to ascertain whether Johnson and four other family members were living together at the same address in the Summer of 2021, counsel had to repeat the question five times before Johnson provided a complete answer. *Id*. at 8. Defendants are entitled to ask about people who may have information about Johnson's claims. Further, Johnson does not explain why any of the information defense counsel sought was privileged, or why the deposition questioning must be limited to new information or why the questioning should have avoided credibility issues when the credibility of the claims is the central question. In other words, defendants were entitled to ask the questions they asked, they were entitled to get complete answers to these questions from Johnson, and Johnson's objections and refusals to answer were inappropriate.

Johnson says he wants to sit for a second deposition. Defendants are reluctant to depose him again by oral examination given Johnson's constant objections the first time around. That's understandable, but I will give Johnson a chance to fulfill his obligation to be deposed properly, if defendants are willing to try again. I will not sanction Johnson at this time, but I am

cautioning him that he must change his approach to this deposition. If there *is* a second deposition and it doesn't go well, and if the court then determines that a party's conduct was inappropriate, then the court could impose sanctions, up to and including the possible dismissal of this lawsuit. We won't look for trouble today, but it is time for Johnson to put all his cards face up on the table. That's what pretrial discovery is about in a civil lawsuit like this one.

Discovery under Federal Rule of Civil Procedure 26 is broad, and relevant information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). Now that Johnson has brought this lawsuit against them, defendants are entitled to investigate Johnson's claims, they are entitled to obtain from him and to review all relevant information, and they are entitled to prepare a defense to the claims that Johnson has leveled against them. During his deposition, Johnson may state an objection to a question by concisely stating the basis for his objection in a non-argumentative way, but Johnson then must actually answer the question. His answer would be subject to his objection, Fed. R. Civ. P. 30(c)(2), but he must provide a full answer.

It is standard operating procedure in all civil lawsuits for the parties and their attorneys to ask the sorts of questions that Johnson has resisted answering. Defendants may ask questions that concern Johnson's background, about other people who may have information about his claims, and that seek additional factual detail and documentation, among other topics. For example, Johnson alleges in his complaint as evidence of racism that he was asked "peculiar questions" about his checks and his employment; based on this allegation, defendants can ask him what he means by that phrase and ask him to provide the specifics. Dkt. 1 at 2.

5

Next, Johnson requests protective orders. I am denying these requests. First, he wants general, blanket protection from "annoyance, oppression, undue burden, [and] expense" by prohibiting "disclosure of discovery" and trade secrets and "inquiry into certain matters" while requiring a neutral person to be present "while the discovery is conducted," that his deposition be sealed, and that the parties "simultaneously file specified documents in sealed envelopes." Dkt. 36 at 2. Second, he wants a prohibition on the use of a "confrontational or argumentative tone or language" and "disrupting or cutting off witness responses" at his deposition.[4] Dkt. 36 at 2. Johnson has not established that either of these orders is necessary. His reasoning is conclusory, and it is not clear that he will be deposed again. If he is, then the court expects the parties and their attorneys to proceed with patience, courtesy, and professionalism at a deposition and in litigating a case. This is a two-way street.

That leaves the matter of scheduling. Defendants timely filed their summary judgment motion on March 6, 2023. Dkt. 37. In light of my rulings in this order, I will allow defendants until April 20, 2023, to supplement their motion with any additional grounds for summary judgment based on any new evidence disclosed by Johnson. Johnson's response to defendants' motion and supplement, if any, shall be due by May 22, 2023, and any reply by June 1, 2023. That does not leave much time to resolve summary judgment before trial on August 14, 2023, so the parties must work together efficiently and in good faith to depose Johnson and to fulfill any outstanding discovery requests.

---

[4] A review of the deposition transcript shows that the virtual conference application was lagging at times, which may have caused the parties' voices to overlap or for the parties to inadvertently interrupt each other. *See, e.g.*, dkt. 21-5 at 8, 14.

ORDER

It is ORDERED that:

(1) Defendants' motion for sanctions or alternatively for fees and costs is GRANTED in part and DENIED in part as provided in this order.

(2) Plaintiff has until **March 28, 2023**, to provide amended, complete responses to defendants' discovery requests and to sit for a second deposition if defendants wish to depose him again.

(3) Plaintiff's motion to compel and plaintiff's motion to dismiss his deposition and for a protective order are DENIED.

(5) Each side will bear its own costs on these dueling discovery motions.

(6) Defendants may have until **April 20, 2023**, to supplement their motion with any additional grounds for summary judgment based on any additional evidence disclosed by plaintiff. Plaintiff's response to defendant's motion and supplement, is due by **May 22, 2023**, and defendant's any reply is by **June 1, 2023**.

Entered this 7th day of March, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER